UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Corporation,            Civil No. 05-2055 (PAM/JJG)

           Plaintiff,

v.            **MEMORANDUM AND ORDER**

William McCord,

           Defendant.

---

This matter is before the Court on Plaintiff Residential Funding Corporation's Motion for Summary Judgment. For the reasons set forth below, the Motion is granted.

**BACKGROUND**

Plaintiff is in the business of commercial lending. In 1999, Plaintiff loaned money to United Capital Mortgage Corporation (UCMC), a residential mortgage lender. The loan was in the form of a revolving line of credit, known as a warehousing loan. Defendant William McCord was the Chief Executive Officer and majority shareholder of UCMC. As a condition to the loan, Plaintiff required Defendant to personally guarantee UCMC's obligation, and the parties entered into a guaranty. There was no cap on the amount. Defendant understood that if the warehousing loan reached $5 million, for example, he would be personally accountable for that amount. Defendant also believed that this guaranty was temporary until Plaintiff achieved a "comfort level" with UCMC. (McCord Dep. at 51.)

About a year after the guaranty was executed, Defendant's co-shareholder, Jonathan Clark, died. Clark's widow sold his UCMC shares to an entity known as Lahaina, Inc., and UCMC thereafter operated as a wholly-owned subsidiary of Lahaina. UCMC grew exponentially from 1999 to 2003, and its line of credit with Plaintiff increased from $7.5 million to $75 million. It was during this same period of time that Defendant began to seek termination of the guaranty, but Plaintiff declined to release him from the agreement.

By May 2002, Defendant was less involved with UCMC's daily operations, and he again asked Plaintiff to release him from the guaranty. Although Plaintiff refused to release him entirely from the agreement, it consented to limit his obligation to $1.5 million of the warehousing loan principal. Plaintiff and Defendant entered into a new agreement, the Guaranty now at issue in this case, on May 1, 2002. The Guaranty provided that it was unconditional and irrevocable. Plaintiff's loan officer, Louis Raskasky, assured Defendant that "next time hopefully I can have you completely off this guaranty 100 percent." (McCord Dep. at 63.) However, Defendant never received a written or oral release from the Guaranty.

Despite its success, UCMC ceased operating in May 2004 and defaulted on the warehousing loan. Its debt to Plaintiff exceeded $6 million, and Plaintiff demanded immediate payment. Plaintiff also sought to enforce the Guaranty against Defendant, but he refused to pay. Plaintiff eventually collected much of the debt by selling mortgage loans and real property. Of particular note, Plaintiff sold a property known as the Swiss Air Property for $2.9 million, even though it had been appraised previously at $8 million and $6.2 million,

respectively. Plaintiff also incurred over $400,000.00 in expenses to prepare the property for sale. The uncollected principal, interest, and collection costs total $1,624,529.30.

Plaintiff brought this breach of contract action to enforce Defendant's obligations under the Guaranty. Plaintiff has moved for summary judgment and asks the Court to assess damages at $1.5 million plus interest, costs, and expenses. Defendant contests both liability and the amount of damages.

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to Defendant as the non-moving party. See Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue

for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.   Liability**

Minnesota law requires enforcement of guaranties according to their terms. See Milliken & Co. v. Eagle Packaging Co., Inc., 295 N.W.2d 377, 382 n.3 (Minn. 1980). An individual may be held fully liable for a personal guaranty. See Borg Warner Acceptance Corp. v. Shakopee Sports Ctr., Inc., 431 N.W.2d 539, 541 (Minn. 1988). The Guaranty under consideration in this case is clear and unambiguous. Defendant agreed to personally, irrevocably, and unconditionally guarantee Plaintiff the due and prompt payment of the warehousing loan principal up to $1.5 million.

Notwithstanding this clear and unequivocal language, Defendant observes that the Guaranty has no termination provision. If a guaranty does not contain a termination date, it may automatically terminate after a reasonable time. See Borg Warner, 431 N.W.2d at 541 (citations omitted). The Court may consider parol evidence in determining the reasonableness of the time period. Currie State Bank v. Schmitz, 628 N.W.2d 205, 211 (Minn. Ct. App. 2001). Measuring a reasonable period of time is ordinarily a question of fact. See id. at 210.

Although a determination of reasonableness generally presents a factual dispute, there are no facts supporting Defendant's position that the Guaranty automatically terminated. Although Defendant professed to believe that the original guaranty was temporary, he later signed a new Guaranty in 2002, and the business relationship between Plaintiff and UCMC

was well-established by this time. There is no evidence that he considered the second Guaranty to be temporary. Further, Defendant acknowledges that Plaintiff never released him from the Guaranty, and at no time did he consider the agreement nullified. The conduct of both parties consistently shows that the Guaranty never expired. Unlike the situation in Currie, on which Defendant relies, there was no material change in the underlying line of credit. See 628 N.W.2d at 210 (finding the guarantor released from his obligation because the time of payment on a note was extended without his consent). Indeed, Defendant's obligation did not change, and could not have changed, after 2002 because the Guaranty was limited to $1.5 million. Thus, his personal obligation did not rise correspondent to the growth of the warehousing loan. Finally, less than three years elapsed between the date the Guaranty was signed in 2002 and the date Plaintiff sought to enforce the agreement. See Tri-County State Bank v. Golf Props., 395 N.W.2d 409, 412 (Minn. App. 1986) (finding three years a reasonable duration for a guaranty absent a definitive provision, as a matter of law).

There are no genuine issues of material fact regarding the validity of the Guaranty, and the Court therefore grants summary judgment to Plaintiff on the issue of liability.

**C.     Damages**

Defendant challenges the expenses Plaintiff incurred in selling and maintaining the Swiss Air Property, as well as the price for which Plaintiff sold the Swiss Air Property. However, Defendant offers only speculation to support his position. Defendant did not attach the appraisals of the Swiss Air Property as exhibits, and Defendant has no expert or lay evidence questioning the sale price. Moreover, Defendant did not challenge any

particular expense and does not have any expert or lay evidence in this regard. Defendant's only evidence is his own deposition testimony in which he merely recalls the amounts of the appraisals. There is simply no evidence to support a conclusion that Plaintiff was unreasonable in liquidating the Swiss Air Property or that it could have obtained a higher price. Absent supporting evidence, a party's mere speculation will not defeat a motion for summary judgment. See Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004); Jeseritz v. Potter, 282 F.3d 542, 545, 546-47 (8th Cir. 2002).

Plaintiff's uncontroverted evidence shows that Plaintiff was owed $3,182,000.00 on the Swiss Air Property mortgage loan, and $2,998,909.88 on other mortgage loans, for a total of $6,180,909.88 due on notes. Plaintiff incurred expenses of $542,993.18 for interest on the warehouse line of credit; $431,092.73 for Swiss Air Property expenses; and $33,247.34 in foreclosure fees on the Swiss Air Property. Subtracting the $2,970,000.00 in proceeds received from the sale of the Swiss Air Property and the $2,593,713.83 in proceeds from the sale of other mortgage loans, UCMC owed Plaintiff $1,624,529.30. Defendant has not otherwise challenged the amounts of principal, interest, and collection costs due. Plaintiff is therefore entitled to an award of damages in the amount of $1,500,000.00, plus interest, costs, and expenses.

**CONCLUSION**

There are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law on its breach of contract claim against Defendant. Defendant's Guaranty to Plaintiff is binding and enforceable, and Defendant is personally liable for UCMC's losses.

Further, no genuine issues of material fact exist as to the amount of damages owed. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Docket No. 28) is **GRANTED**; and

2. Judgment in the total amount of $1.5 million, plus interest from December 13, 2004, and the costs and expenses incurred by Plaintiff in enforcing the Guaranty, shall be entered against Defendant and in favor of Plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 16, 2006

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge